UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

MIRA ADVANCED TECHNOLOGY
SYSTEMS, INC.,

       Plaintiff,

v.

GOOGLE LLC,

       Defendant.

Case No. 1:21cv371-TSE-JFA

**MEMORANDUM OF LAW IN SUPPORT OF
GOOGLE'S MOTION TO TRANSFER VENUE TO THE
<u>SOUTHERN DISTRICT OF NEW YORK</u>**

TROUTMAN PEPPER HAMILTON SANDERS LLP

Robert A. Angle (VSB No. 37691)
Dabney J. Carr, IV (VSB No. 28679)
Laura Anne Kuykendall (VSB No. 82318)
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1246
Facsimile: (804) 697-1339
robert.angle@troutman.com
dabney.carr@troutman.com
la.kuykendall@troutman.com

WILLIAMS & CONNOLLY LLP

Adam D. Harber (*pro hac vice*)
Andrew V. Trask (*pro hac vice*)

725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
aharber@wc.com
atrask@wc.com

*Counsel for Defendant*

## TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................................1

II.    BACKGROUND .........................................................................................................1

III.   LEGAL STANDARD...................................................................................................3

IV.    ARGUMENT................................................................................................................4

      A.    MIRA COULD HAVE BROUGHT THIS ACTION IN THE SOUTHERN
           DISTRICT OF NEW YORK. .................................................................................4

      B.    THE 1404(a) FACTORS SUPPORT TRANSFER. ................................................5

           1.   Plaintiff's Choice of Forum. ..........................................................................5

           2.   Convenience of the Parties and Witnesses....................................................6

           3.   Interests of Justice..........................................................................................9

V.     CONCLUSION...........................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Automated Tracking, Sols., LLC v. Validfill, LLC*,
No. 3:15cv142-HEH, 2015 WL 9025703 (E.D. Va. Dec. 15, 2015) ........................................6

*Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cty.*,
137 S. Ct. 1773 (2017) ............................................................................................................4

*Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*,
83 F. Supp. 2d 689 (E.D. Va. 2000) ...................................................................................8, 10

*Convergence Techs. (USA), LLC v. Microloops Corp.*,
711 F. Supp. 2d 626 (E.D. Va. 2010) .............................................................................8, 9, 10

*Global Touch Sols., LLC v. Toshiba Corp.*,
109 F. Supp. 3d 882 (E.D. Va. 2015) ...............................................................................4, 6, 9

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
71 F. Supp. 2d 517 (E.D. Va. 1999) ...............................................................................1, 4, 7, 9

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009) ........................................................................................7, 10

*Koh v. Microtek Int'l, Inc.*,
250 F. Supp. 2d 627 (E.D. Va. 2003) ...................................................................................5, 6

*Lycos, Inc. v. TiVo, Inc.*,
499 F. Supp. 2d 685 (E.D. Va. 2007) ......................................................................................6

*Macronix Int'l Co., Ltd. v. Spansion Inc.*,
No. 3:13-cv-679, 2014 WL 934521 (E.D. Va. Mar. 10, 2014) .................................................7

*NanoEntek, Inc. v. Bio-Rad Labs., Inc.*,
No. 2:11cv427, 2011 WL 6023189 (E.D. Va. Dec. 2, 2011) ...................................................6

*Noetic Specialty Ins. Co. v. N.C. Mut. Wholesale Drug Co.*,
453 F. Supp. 3d 842 (E.D. Va. 2020) ............................................................................. passim

*Orbital Austl. Pty Ltd v. Daimler AG*,
No. 3:14CV808, 2015 WL 4042178 (E.D. Va. July 1, 2015) .................................................7

*Pragmatus AV, LLC v. Facebook, Inc.*,
769 F. Supp. 2d 991 (E.D. Va. 2011) ..................................................................................6, 10

*Samsung Elecs. Co., Ltd. v. Rambus, Inc.*,
386 F. Supp. 2d 708 (E.D. Va. 2005) ......................................................................................8

*Telepharmacy Sols., Inc. v. Pickpoint Corp.*,
   238 F. Supp. 2d 741 (E.D. Va. 2003) ..................................................................10

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964)..........................................................................................3

## STATUTES

28 U.S.C. § 1331..................................................................................................4

28 U.S.C. § 1338(a) ............................................................................................4

28 U.S.C. § 1400(b) ............................................................................................5

28 U.S.C. § 1404(a) .................................................................................. passim

## OTHER AUTHORITIES

U.S. Patent No. 10,594,854....................................................................1, 2, 8

## I.      INTRODUCTION

Pursuant to 28 U.S.C. § 1404(a), Defendant Google LLC respectfully moves the Court to

transfer this action to the United States District Court for the Southern District of New York

("SDNY") because it is clearly the more convenient forum for this lawsuit.

Plaintiff Mira Advanced Technology Systems, Inc. has no relevant connection to this

District.  It is located in and organized under the laws of the state of West Virginia, and has no

offices, employees, or other known presence here.  The sole named inventor on the only patent-

in-suit resides in West Virginia, as well.

While Google maintains offices in this District, they bear no relation to the issues in this

lawsuit, and none of the likely witnesses are based in those locations.  Instead, the entire

engineering team that develops and maintains the accused program, Google Keep; the product

manager responsible for the product; as well as the Google employee responsible for its

marketing as part of Google's Workspace suite, are based in Google's offices in New York City.

Where, as here, "the center of the accused activity" is in another district, the case should

be transferred there.  *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519–20 (E.D.

Va. 1999) (internal quotation marks omitted).

## II.      BACKGROUND

Mira is a "West Virginia corporation, with its principal place of business in West

Virginia."  Dkt. No. 1 ("Compl.") ¶ 1.  Mira owns "all right, title, and interest" in the sole

asserted patent, U.S. Patent No. 10,594,854 (the "'854 patent").  Compl. ¶ 9.  The '854 patent

lists as its sole inventor Nitesh Ratnakar of Wheeling, West Virginia.  Compl. Ex. A.  According

to corporate registration records with the Secretary of State of West Virginia, Mr. Ratnakar is the

"Incorporator" and "President" of Mira, and resides in Elkins, West Virginia.  Exhibit 1 to the

Declaration of Andrew V. Trask ("Trask Decl.").

1

Mira alleges that its '854 patent is infringed by the use of certain functionality in Google's Keep application. Compl. ¶¶ 4, 32–44; *see also* Compl. Ex. B. Google is incorporated in Delaware, and its principal place of business is located in Mountain View, California. Compl. ¶ 2. However, all of Google's ongoing design, development, and other technical activities related to Google Keep are based in Google's offices in New York City, within SDNY. Declaration of Andrew Rope ("Rope Decl.") ¶¶ 3–4. The entirety of the engineering team that develops and maintains the Google Keep application, including a manager and eleven engineers, is based in Google's New York City offices. *Id.* ¶ 5. So are the Product Manager responsible for Google Keep and the Google Product Marketing Manager responsible for certain applications in the Google Workspace suite of applications, including Google Keep. *Id.* ¶¶ 6–8. Any technical documents generated by these employees and the source code for the accused Keep functionality are accessible from Google's New York City offices. *Id.* ¶ 10. Google is currently unaware of any employee witness outside of SDNY that it would seek to call at trial to testify about the design, development, functionality, or marketing of Google Keep.

Although Google maintains an office in Reston, Virginia, Compl. ¶ 7, as well as a data center in Loudoun County, Virginia, Rope Decl. ¶ 9, those locations have no connection to this case. To Google's knowledge, no Google employees who work on Google Keep are based in any Google office in this District. *Id.*

Nor is there any reason to believe that any critical third-party witnesses reside in this District. For example, Mira's complaint refers repeatedly to U.S. Patent Application Publication No. 2006/0058948 ("Blass") as one of the primary prior-art references cited during prosecution of Mira's asserted '854 patent. *E.g.*, Compl. ¶¶ 15–20, 22, 25. The Blass reference lists as its inventors Melanie Blass and Karl Istvan Blass, residing in Waterloo, Ontario, Canada, and La

Salle, Ontario, Canada, respectively.  Trask Decl., Ex. 2.  The complaint also cites the prior-art

references U.S. Patent No. 8,700,310 ("Jayanthi") and U.S. Patent Application Publication No.

2002/0102988A1 ("Myllymaki").  Compl. ¶¶ 21–22, 25, 27.  The named inventors on those

references are listed as residing in Laguna Niguel, California, and San Jose, California,

respectively.  Trask Decl., Exs. 3, 4.  None of the named inventors listed on the prior art cited in

Mira's complaint appear to reside in this District.

## III.   LEGAL STANDARD

The federal transfer statute provides that "[f]or the convenience of parties and witnesses,

in the interest of justice, a district court may transfer any civil action to any other district or

division where it might have been brought or to any district or division to which all parties have

consented."  28 U.S.C. § 1404(a).  This provision serves "to prevent the waste 'of time, energy

and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience

and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v.*

*The Barge FBL-585*, 364 U.S. 19, 26–27 (1960)).

At the threshold, a movant seeking transfer must show "that personal jurisdiction and

venue would have been proper in the transferee forum."  *Noetic Specialty Ins. Co. v. N.C. Mut.*

*Wholesale Drug Co.*, 453 F. Supp. 3d 842, 844 (E.D. Va. 2020); *see* 28 U.S.C. § 1404(a)

(permitting transfer only to "any other district or division where [the action] might have been

brought").  Once this threshold requirement is satisfied, "[i]n determining whether to grant a

motion to transfer under § 1404(a), a court considers and balances a variety of factors, including

(i) the weight accorded to plaintiff's choice of venue; (ii) witness convenience and access;

(iii) convenience of the parties; and (iv) the interest of justice."  *Noetic*, 453 F. Supp. 3d at 845

(citing *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436,

444 (4th Cir. 2015)).  "The decision whether to transfer is committed to the sound discretion of the district court."  *Id.*

"In a patent infringement action, as a general rule 'the preferred forum is that which is the center of the accused activity . . . .'"  *GTE Wireless*, 71 F. Supp. 2d at 519 (quoting *Santrade Ltd. v. Berndorf ICB International Conveyor Belts, Inc.*, No. 6:92-2032-3, 1992 WL 470482, at *2 (D.S.C. 1992)).  Moreover, a patent plaintiff's forum choice is entitled to "minimal weight" where (as here) it is not the plaintiff's "home forum" and the patentee is "classified as a 'non-practicing entity.'"  *Global Touch Sols., LLC v. Toshiba Corp.*, 109 F. Supp. 3d 882, 896, 898 (E.D. Va. 2015).

## IV.     ARGUMENT

Both prongs of the transfer test are satisfied in this case.  Venue and jurisdiction are proper in SDNY, and the factors of the second prong weigh in favor of transfer.

### A.     MIRA COULD HAVE BROUGHT THIS ACTION IN THE SOUTHERN DISTRICT OF NEW YORK.

Mira could have brought its claims in SDNY because a federal district court there would have jurisdiction, and venue would be proper there.

As to jurisdiction, a federal court in SDNY would have subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).  And it would have personal jurisdiction over Google with regard to Mira's claims here because the alleged acts of infringement occurred nationwide, including in SDNY, *see* Compl. ¶ 4 ("Google makes, uses, imports, offers to sell, and sells in the United States . . . [the] Google Keep software application . . . ."), and because Google has engaged in activity in SDNY—*i.e.*, developing and maintaining the Google Keep application—that relates to Mira's allegations, *see Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1780 (2017) (holding that, for a court to have "specific

jurisdiction" over a dispute, "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation" (internal quotation marks and alterations omitted)).

Venue would be proper in SDNY pursuant to 28 U.S.C. § 1400(b).  As noted above, Google maintains offices in New York City, which are a "regular and established place of business" in that District under § 1400(b).  And the alleged infringement—Google's purported inducement of and contribution to third parties' use of Keep's location-reminder functionality— is not specific to the Eastern District of Virginia and pertains to other locations, including in SDNY where the engineering team that develops Google Keep is located.  These facts satisfy the venue requirement of § 1400(b), and this case could have been brought in SDNY.

The "threshold requirements" for transfer are therefore satisfied in this case.  *See Noetic*, 453 F. Supp. 3d at 845.

## B.    THE 1404(a) FACTORS SUPPORT TRANSFER.

The other factors in the § 1404(a) analysis strongly support transfer to SDNY.

### 1.    Plaintiff's Choice of Forum.

The first factor is "the weight accorded to plaintiff's choice of venue."  *Noetic*, 453 F. Supp. 3d at 845.  Although "there is 'ordinarily a strong presumption in favor of the plaintiff's choice of forum,' . . . this principle is not conclusive."  *Id.*  "[A] plaintiff's choice of forum is not entitled to substantial weight if the plaintiff chooses a foreign forum, or the cause of action bears little or no relation to that forum."  *Id.*; *accord Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 633 (E.D. Va. 2003) ("[A] plaintiff's chosen venue is not given such substantial weight when the plaintiff selects a forum other than its home forum and the claims bear little or no relation to the chosen forum.").  Both are true here:  Mira has chosen a foreign forum, and its cause of action bears little or no relation to this District.

5

As discussed above, Mira is a West Virginia corporation, and its only known address is there. Mira has not alleged that it has any connection to this District other than its choice to sue here. By all appearances, Mira is a "non-practicing entity"—*i.e.,* an entity that merely obtains or acquires patents and then seeks licenses or files patent lawsuits—and on that basis its "choice of forum is afforded minimal weight." *Global Touch*, 109 F. Supp. 3d at 898; *see also, e.g.,* *Automated Tracking, Sols., LLC v. Validfill, LLC*, No. 3:15cv142-HEH, 2015 WL 9025703, at *2 (E.D. Va. Dec. 15, 2015); *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 995 (E.D. Va. 2011).

Nor has Mira alleged any meaningful relationship between this District and its claim for patent infringement. Mira alleges only that Google has committed acts of infringement in this District by distributing products that are used here, Compl. ¶¶ 4, 6–7, but Google likely has "this same contact with every other state in this nation," *Lycos, Inc. v. TiVo, Inc.*, 499 F. Supp. 2d 685, 692 (E.D. Va. 2007). "Mere sales and marketing activity does not entitle [the plaintiff's] choice of forum to substantial weight when none of the infringing products were developed or produced in this District." *NanoEntek, Inc. v. Bio-Rad Labs., Inc.*, No. 2:11cv427, 2011 WL 6023189, at *3 (E.D. Va. Dec. 2, 2011) (citing *Agilent Tech., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 327 (E.D. Va. 2004)).

For all of these reasons, Mira's choice to sue here should be accorded little weight, if any, in the transfer calculus. The fact that "there is little connection between the claims and this judicial district . . . militate[s] against a plaintiff's chosen forum and weigh[s] in favor of transfer to a venue with more substantial contacts." *Koh*, 250 F. Supp. 2d at 635.

### 2. Convenience of the Parties and Witnesses.

"The convenience of the parties and witnesses is the next § 1404(a) factor to consider." *Noetic*, 453 F. Supp. 3d at 847. "The cost of attendance for and convenience of the witnesses 'is

probably the single most important factor in transfer analysis.'" *Orbital Austl. Pty Ltd v. Daimler AG*, No. 3:14CV808, 2015 WL 4042178, at \*7 (E.D. Va. July 1, 2015) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009)).  And where, as here, "the plaintiff files suit outside its home district, the convenience of the parties factors more prominently in the calculus." *Macronix Int'l Co., Ltd. v. Spansion Inc.*, No. 3:13-cv-679, 2014 WL 934521, at \*5 (E.D. Va. Mar. 10, 2014) (citing *Bluestone Innovations, LLC v. LG Elecs., Inc.*, 940 F. Supp. 2d 310, 316 (E.D. Va. 2013)).

As noted above, in patent cases "as a general rule 'the preferred forum is that which is the center of the accused activity.'" *GTE Wireless*, 71 F. Supp. 2d at 519 (quoting *Santrade*, 1992 WL 470482, at \*2).  This is because "[t]he trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." *Id.* (quoting *Santrade*, 1992 WL 470482, at \*2); *see also Genentech*, 566 F.3d at 1345 (recognizing that in patent cases "the bulk of the relevant evidence usually comes from the accused infringer" (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006))). The allegedly "infringing device" here is Google Keep, and "the hub of activity centered around its production" lies in SDNY.  As discussed, all of the engineers responsible for the development and maintenance of the product at issue, the product manager who oversees the product, and the Google marketing manager responsible for the product, are based in Google offices in SDNY. Because "the bulk of the relevant evidence" in this action will likely come from Google and its New York City offices, *Genentech*, 566 F.3d at 1345, including fact testimony from the Google employees who work there, the convenience of the parties and witnesses strongly favors transfer to SDNY.

Although "the purpose and function of § 1404(a) is not to 'shift the balance of inconvenience' from defendant to plaintiff," *Noetic*, 453 F. Supp. 3d at 847, transfer would not have that effect here.  Mira is not located in this District and does not allege that Mr. Ratnakar, its only known employee and the named inventor of the '854 patent, lives or works in EDVA.  According to public records, Mr. Ratnakar lives in Elkins, West Virginia, which is 150 miles from this Court and 334 miles from New York.  Trask Decl. ¶¶ 6–7.  Regardless of whether the case is transferred, he would have to travel a substantial distance.

Beyond Google and Mira, "[t]he convenience of non-party witnesses should be afforded greater weight in deciding a motion to transfer venue."  *Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2005) (citing *Koh*, 250 F. Supp. 2d at 637).  To date, none of the known potential third-party witnesses appear to be located in this District, such that transfer would be an inconvenience.  For example, the last known addresses of the named inventors of the Blass publication, which Mira's complaint calls the "primarily cited prior art reference" during prosecution of the patent in suit, Compl. ¶ 25, are about the same distance from SDNY as they are from this District, Trask Decl. ¶¶ 8–11.  The other prior-art references cited in the complaint list inventors residing in California, Trask Decl. Exs. 3, 4, for whom either venue would require cross-country travel.  Their convenience therefore does not affect the transfer decision.

Another potential third-party witness is Mr. Jundong Ma, Mira's litigation counsel, who was involved in prosecution of the '854 patent.  Although Mr. Ma appears to be located in Maryland, which is closer to this District than to SDNY, convenience to counsel "is not properly considered" in the transfer analysis.  *Convergence Techs. (USA), LLC v. Microloops Corp.*, 711 F. Supp. 2d 626, 644 (E.D. Va. 2010); *see also Cognitronics Imaging Sys., Inc. v. Recognition*

*Research Inc.*, 83 F. Supp. 2d 689, 698 (E.D. Va. 2000) ("The convenience to counsel is not an appropriate matter for consideration in resolving the appropriateness of a motion to transfer venue.").

In short, SDNY is the "center of gravity in this patent infringement action." *See GTE Wireless*, 71 F. Supp. 2d at 520. The convenience of the parties and witnesses strongly weighs in favor of transfer to that District.

### 3. Interests of Justice.

The final "major factor considered in the § 1404(a) analysis is the interest of justice," a consideration that "is focused on 'systemic integrity and fairness.'" *Noetic*, 453 F. Supp. 3d at 847 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)). "[T]he interest of justice includes such factors as the pendency of a related action, the fairness interest in having local controversies decided at home, and the court's familiarity with the applicable law." *Id.*

There are no related actions pending, and both this Court and courts in SDNY are familiar with patent law. However, the "fairness interest in having local controversies decided at home" favors transfer because the accused product is developed and maintained by engineers located in SDNY.

Although plaintiffs in patent cases occasionally point to "relative docket conditions" as a reason for maintaining a case in this District, that factor is "'not given great force,' particularly when the other convenience and justice factors favor transfer." *Global Touch*, 109 F. Supp. 3d at 906 (quoting *Samsung Elecs.*, 386 F. Supp. 2d at 723). Civil cases move to trial more quickly on average in this District relative to SDNY, but "these figures do not tell the whole story, as they are calculated averages for all types of civil cases," whereas "patent cases, on average, take substantially longer to litigate than most civil cases." *Convergence Techs.*, 711 F. Supp. 2d at 643. In any event, relative docket speeds are "rarely, if ever, a primary or decisive factor" in the

9

transfer calculus.  *Id.* at 643–44; *see also Genentech*, 566 F.3d at 1347 (time to trial factor

"appears to be the most speculative," and as such cannot "outweigh all of th[e] other factors" in

the transfer analysis).  "When a plaintiff with no significant ties to the Eastern District of

Virginia chooses to litigate in the district primarily because it is known as the 'rocket docket,'

the interest of justice is not served."  *Pragmatus*, 769 F. Supp. 2d at 997 (internal quotation

marks omitted); *see also Telepharmacy Sols., Inc. v. Pickpoint Corp.*, 238 F. Supp. 2d 741, 743–

44 (E.D. Va. 2003) (holding that allowing cases to remain in this District due to docket

conditions would encourage "blatant forum shopping"); *Cognitronics*, 83 F. Supp. 2d at 699

("This Court cannot stand as a willing repository for cases which have no real nexus to this

district.  The 'rocket docket' certainly attracts plaintiffs, but the Court must ensure that this

attraction does not dull the ability of the Court to continue to act in an expeditious manner.").

For these reasons, the interests of justice also support transfer to SDNY.

## V.  CONCLUSION

In sum, jurisdiction and venue would be proper in the Southern District of New York,

and the convenience of the parties and witnesses and the interests of justice favor transfer to that

District.  Mira's choice to sue in this District, despite having no connection here, cannot

overcome the remaining factors in the transfer analysis.  Google respectfully requests that the

case be transferred to the United States District Court for the Southern District of New York.

Dated:  May 28, 2021

Respectfully submitted,

TROUTMAN PEPPER HAMILTON SANDERS LLP

*/s/ Laura Anne Kuykendall*

Robert A. Angle (VSB No. 37691)
   robert.angle@troutman.com
Dabney J. Carr, IV (VSB No. 28679)
   dabney.carr@troutman.com
Laura Anne Kuykendall (VSB No. 82318)
   la.kuykendall@troutman.com
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1246
Facsimile: (804) 697-1339

WILLIAMS & CONNOLLY LLP

Adam D. Harber (*pro hac vice*)
   aharber@wc.com
Andrew V. Trask (*pro hac vice*)
   atrask@wc.com
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Counsel for Defendant*