# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| MIRA ADVANCED TECHNOLOGY SYSTEMS,<br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC<br>    Defendant. | Civil Action No. 1:21-cv-371 |

## ORDER

This patent infringement matter is before the Court on two motions: (i) Defendant's Motion to Transfer to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) and (ii) Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendant's Motion to Transfer has been fully briefed and argued by the parties at a telephonic hearing on September 22, 2021. For the reasons stated during the telephonic hearing, Defendant's Motion to Transfer will be granted. And because this matter will be transferred to the Southern District of New York, it is neither appropriate nor necessary to address Defendant's Motion to Dismiss.

In summary, 28 U.S.C. § 1404(a) permits transfer only to another district where an action "might have been brought" in the first place. The analysis therefore begins with the question of whether Plaintiff could have filed this action in the Southern District of New York. The answer is plainly yes. For one, Plaintiff's Complaint alleges that the infringing activity, Google's distribution of the allegedly infringing Keep product, took place throughout the United States, which includes the Southern District of New York. Moreover, a team of Google engineers designed and currently maintain the Keep software at a Google office in the Southern District of New York. Thus, "personal jurisdiction and venue would have been proper in the transferee forum." *Noetic Specialty Ins. Co. v. N.C. Mut. Wholesale Drug Co.*, 453 F. Supp. 3d 842, 844 (E.D. Va. 2020).

1

Because the threshold requirement is met, the analysis under § 1404(a) now proceeds to other relevant factors. Specifically, "a court considers and balances a variety of factors, including (i) the weight accorded to plaintiff's choice of venue; (ii) witness convenience and access; (iii) convenience of the parties; and (iv) the interest of justice." *Noetic*, 453 F. Supp. 3d at 845. Under the first factor, "a plaintiff's choice of forum is not entitled to substantial weight if the plaintiff chooses a foreign forum, or the cause of action bears little or no relation to that forum." *Id.* Here, Plaintiff is a citizen of West Virginia. And this case has little connection with the Eastern District of Virginia, beyond the fact the Keep software was broadly distributed here and throughout the United States. Accordingly, Plaintiff's forum choice is not entitled to substantial weight.

To continue, the convenience of the parties is neutral: Defendant prefers to litigate close to the Google offices where Keep was developed; the West Virginian Plaintiff resides slightly closer to the Eastern District of Virginia.[1] On the other hand, the convenience and access to witnesses heavily favors Defendant's transfer request. Given that the allegedly infringing Keep software was designed and maintained in the Southern District of New York, it is very likely that a plethora of relevant evidence and witnesses resides in that district. Conversely, Plaintiff points to just one witness in the Eastern District of Virginia: the patent examiner that approved Plaintiff's relevant patent application. But because patent examiners are "quasi-judicial officers" and may not be compelled to testify about their mental impressions, it's unclear what (if anything) the examiner could add to Plaintiff's case. *See Rein v. U.S. Patent & Trademark Office*, 553 F.3d 353, 373 (4th Cir. 2009); *Green v. Rich Iron Co.*, 944 F.2d 852, 854 (Fed. Cir. 1991).

The interests of justice also weigh at least slightly in Defendant's favor. In this respect,

---

[1] Plaintiff's brief mentions the convenience of Plaintiff's counsel, but "convenience of counsel is not properly considered" when deciding a motion to transfer under 28 U.S.C. § 1404(a). *Convergence Techs. (USA), LLC v. Microloops Corp.*, 711 F. Supp. 2d 626, 644 (E.D. Va. 2010).

Plaintiff primarily relies on the speed of the Eastern District of Virginia's docket, but that "is rarely, if ever, a primary or decisive factor." *Id.* at 644. *Convergence Techs.*, 711 F. Supp. 2d at 643. *See also Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 997 (E.D. Va. 2011). A more compelling factor is "the fairness interest in having local controversies decided at home." *Noetic*, 453 F. Supp. 3d at 847. This case concerns the status of an allegedly infringing product developed, maintained, and marketed by employees in the Southern District of New York. By contrast, the Eastern District of Virginia has a comparatively minor stake in the outcome of this litigation.

As Plaintiff points out, the inquiry under 28 U.S.C. § 1404(a) is essentially a balancing test. But the balance here decisively favors Defendant's transfer request. This matter is plainly at home in the Southern District of New York and all of the relevant factors are either neutral or favor transfer.

Accordingly, for reasons stated in this Order and at the telephonic hearing,

It is **ORDERED** that Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a) (Dkt. 32) is **GRANTED**. This case is hereby **TRANSFERRED** to the United States District Court for the Southern District of New York.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
September 22, 2021

/s/
T. S. Ellis, III
United States District Judge

3